The undersigned have reviewed the prior Opinion and Award based upon the briefs and the record of the proceedings before Deputy Commissioner Lawrence B. Shuping, Jr. In accordance with the Court of Appeals Opinion, the Full Commission modifies the Opinion and Award with respect to the average weekly wage.
* * * * * * * * * * *
The Full Commission finds as fact the following:
FINDINGS OF FACT
1. During the period from May 2, 1998 until his termination on October 2, 1992 deceased-employee, William Eugene Johnson, III, was employed by Outer Banks Contractors in a supervisory position in charge of several of the DOT (Department of Transportation) jobs it had, including the one in Williamston on which he was working when terminated and another in Currituck immediately prior. The supervisory job required engineer-type qualifications and in the same capacity decedent earned $865.00 a week except for the period he voluntarily agreed to take a reduction in pay because of the financial problems of Outer Banks Contractors.
2. Unfortunately because of those same financial problems Outer Banks Contractors ultimately declared bankruptcy resulting in the deceased-employee being terminated from its employ on October 2, 1992 and the Williamston job being assumed by Barnhill Contracting Company, which not only purchased a number of pieces of equipment from Outer Banks Contractors, but hired some of its employees to complete the Williamston job.
3. Because he had recently built a home and wanted to stay in the area, deceased-employee submitted a resume to defendant Barnhill Contracting Company and, after talking two or three times with the project manager, Rollin Moye, on October 12, 1992 was hired as a foreman on the Williamston DOT job defendant Barnhill Contracting was completing for his former employer, Outer Banks Contractors, and worked in the same capacity on that job and then another DOT job for Barnhill in Manteo until his death there under compensable circumstances on February 11, 1993.
4. Although qualified to perform the same significantly higher-paying supervisory position he had with Outer Banks Contractors until its bankruptcy, defendant-Barnhill Contacting Company did not have a similar supervisory position available; but rather, the only job it had available was the aforementioned lower-paying one as a foreman, which deceased-employee accepted because he wanted to remain in the area and continued to perform until the time of his death.
5. Fair and just results are reached for both the employer and employee by dividing deceased-employee's total earnings during the fifty-two weeks prior to his death by the total number of weeks worked. The total amount defendant-employee received the fifty-two weeks of employment was $37,453 (February 11, 1992 to June 7, 1992 at $821.75 weekly and June 14, 1992 to October 2, 1992 at $865.00 weekly while employed by Outer Banks Contracting and October 12, 1992 to February 11, 1993 at $525.00 weekly while employed by defendant-employer, Barnhill Contracting Company). Dividing earnings by weeks worked yields an average weekly wage of $737.37. Sixty-six and two thirds percent (66.67%) of that average is $489.60. However; the current maximum benefits allowed by law for injuries occurring during 1992 is $426.00 per week. Due to the peculiar and exceptional circumstances involving defendant-employee's wages prior to his death, the amount which most nearly approximates the amount which the injured employee would be earning were it not for the injury is $426.00.
6. Deceased-employee, who was 40 years old at the time of his death, is survived by his two children of a prior marriage; namely, Jonathan Daniel Phillips Johnson, born October 6, 1975, a minor at the time of his father's death who is conclusively presumed to be wholly dependent upon his father at the time of the deceased-employee's death, and William Eugene Johnson IV, born December 14, 1970, who at the time of his father's death was a full-time college student at North Carolina State University majoring in civil engineering and who was then wholly dependent upon his father for his support because deceased-employee provided all the necessities of life, including, but not limited to, food, shelter, clothing, tuition, insurance and room and board at school.
There were no other persons wholly or partially dependent upon the deceased-employee for their support at the time of his death.
7. In September of 1988 plaintiff Deborah S. Johnson and deceased-employee, William Eugene Johnson, III, were married and lived together as husband and wife until they separated on November 4, 1991 when Deborah S. Johnson moved out of the home they had built at Colington Harbor in Kill Devil Hills.
8. In the Spring of 1990 while the same home was under construction the deceased-employee, who had been working for Outer Banks Contractors in a supervisory position in charge of a DOT job in Currituck, was transferred in the same capacity to the job Outer Banks Contractors had in Williamston, where he had previously worked and lived. Because neither wanted to sell their new home and move back to Williamston and he did not want to make the two hour commute each way to and from his home in Kill Devil Hills daily, during the work week the deceased-employee elected to stay in one of the two bedrooms of an old house that Outer Banks Contractors maintained as a construction office in Williamston and to return home to Kill Devil Hills each weekend while Mrs. Johnson stayed home with her husband's younger son, Jonathan, and her own 10 year-old son by a prior marriage, Jeremy D. Dobbins, who had been receiving child support from his natural father since 1987 and which at the time of decedent's death was in the amount of $290.00 monthly.
9. When deceased-employee understandably elected not to make the two hour daily commute each way that would be required had he continued to live in Kill Devil Hills during the work week, he did not abandon or desert his wife because he came home every weekend and continued to live with her until she moved out of their house on November 4, 1991 when she left him.
10. Prior to moving out Deborah Johnson had obtained a job as an LPN at Children's Hospital in Norfolk earning $10.33 per hour and continues there in the same capacity to date working 16 to 32 hours a week though she could work more hours if she so chose.
At the time of the death of deceased-employee Deborah Johnson was no longer wholly or partially dependent upon him for her support; but rather, was self-supporting based on her earnings as an LPN. Other than taking half of the bank account when she left, the only money that deceased-employee gave his wife between the time of their separation and his death some 15 months later were seven, $200.00 checks given between March of 1992 to September of 1992, the last more than three months prior to his death.
11. When Deborah Johnson moved out of the house on November 4, 1991 she took her son, Jeremy, and they continued to live together up until the death of deceased-employee in February of 1993. At that time Jeremy was neither substantially nor in any other manner dependent upon deceased-employee for his support; but rather, since November 4, 1991, if not before, was dependent upon his self-supporting mother from her job as an LPN at Children's Hospital, the child support he was receiving from his father since 1987, and gifts from his grandmother.
12. Plaintiff Deborah S. Johnson, who was neither living with, nor wholly or partially dependent upon the deceased-employee for support at the time of his death or for more than three months prior thereto, has failed in her burden of establishing that she and the deceased-employee were living apart by reason of his desertion for the reasons already described in the above Findings of Fact, or for justifiable cause based on some type of marital misconduct by Mr. Johnson. There is no credible evidence that the deceased-employee had the type of drinking problem or engaged in the type of abusive conduct referred to in the Rogers v.University Motor Inn case cited by plaintiff Deborah S. Johnson. To the extent that the testimony and other evidence of Deborah S. Johnson tends to establish desertion or justifiable cause, such is not accepted as credible and is contrary to the credible evidence otherwise.
* * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. For the reasons stated in the above Findings of Fact, fair and just results can be obtained by both employer and employee by using the earnings of the deceased-employee during the fifty-two weeks prior to his death divided by the total number of weeks worked, which yields, considering the maximum rate for 1992, the amount of $426.00, which is the compensation rate at which the dependents jointly are to be paid. N.C. Gen. Stat. § 97-2 (6).
2. On a share and share alike basis, the children of the deceased-employee, Jonathan Daniel Phillips Johnson and William Eugene Johnson, IV, both of whom were wholly dependent upon the deceased-employee for their support at the time of his death, are entitled to 400 weeks of compensation at a rate of $426.00 per week commencing as of February 11, 1993. N.C. Gen. Stat. § 97-38.
3. For the reasons stated in the above Findings of Fact, at the time of the death of deceased-employee, his stepson, Jeremy D. Dobbins, was not substantially dependent upon him for his support and had not been for more than three months. N.C. Gen. Stat. §97-2 (12); N.C. Gen. Stat. § 97-38; N.C. Gen. Stat. § 97-39;Winstead v. Derreberry, 73 N.C. App. 35, 326 S.E.2d 66 (1985).
4. At the time of the death of deceased-employee, his wife, plaintiff, Deborah S. Johnson, was neither living with nor wholly or partially dependent upon him for her support and had not been for more than three months prior thereto and has failed in her burden of establishing that she was living apart from the deceased-employee for justifiable cause or by reason of his desertion. According to the credible evidence, they were not living apart for justifiable cause or by reason of Mr. Johnson's desertion. The testimony and other evidence of plaintiff Deborah S. Johnson, which if believed, would tend to establish either that she was living apart from the deceased-employee at the time of his death for justifiable or by reason of his desertion of her, is not accepted as credible. N.C. Gen. Stat. § 97-2 (12); N.C. Gen. Stat. § 97-38; N.C. Gen. Stat. § 97-39.
5. In an amount not exceeding $2,000.00, defendants are obligated to reimburse the father of the deceased-employee, William Eugene Johnson, Jr., for the burial expenses he incurred in behalf of his son. N.C. Gen. Stat. § 97-38.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendants shall pay to Jonathan David Phillips Johnson, born October 6, 1975, 400 weeks of compensation at a rate of $213.00 per week commencing as of February 11, 1993. Such compensation as has accrued shall be paid in lump sum, without commutation, subject to a reasonable attorney fee hereinafter approved.
2. Defendants shall pay deceased-employee's wholly dependent adult son, William Eugene Johnson, IV, born on December 14, 1970, 400 weeks of compensation at a rate of $213.00 commencing as of February 11, 1993. Such compensation as has accrued shall be paid in lump sum, without commutation, subject to a reasonable attorney fee hereinafter approved.
3. A reasonable attorney fee in the amount of twenty-five (25) percent of that compensation awarded above shall be equally apportioned from the respective shares of each of the children of deceased-employee and deducted from the accrued benefits due under the above Award and paid directly to plaintiff's counsel. The balance of the fee shall be paid by forwarding every fourth compensation check payable hereunder directly to plaintiff's counsel.
4. Defendants shall pay $2,000.00 to the father of deceased-employee, William Eugene Johnson, Jr., in order to reimburse him for the burial expenses incurred on his son's behalf.
 S/ _______________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________________________ J. HOWARD BUNN, JR. COMMISSIONER
S/ _______________________________ W. JOEY BARNES DEPUTY COMMISSIONER